REDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED

2014 MY 21  AM 11: 31

WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

BY: _____
DEPUTY

UNITED STATES OF AMERICA

§
§
§
§
§
§
§

Cause No. DR14-CR-

**INDICTMENT**

v.

JESUS LOPEZ, aka "Jessie," aka "Worst
Ever" (1),
GERARDO CASTILLO, aka "Jerry," aka
"Chingo Bling" (2),
SALOMON MARTINEZ, aka "Salo" (3),
IVAN VELASQUEZ, aka "Pipi" (4),
JOSE ALEJANDRO MALDONADO, aka
"Chivia" (5),
CLAUDIO SALINAS, aka "Conejo" (6)
JUAN CARLOS LEDEZMA, aka "Yogi"
(7),
MICHAEL ERIC CANTU, aka "Miklo"
(8),
ANSELMO FLORES, aka "Chemo" (9),
FRANCISCO JAVIER HERNANDEZ,
aka "Coco" (10),
HECTOR ANGEL MARTINEZ, aka
"Tonka" (11),
RAUL ADRIAN HERRERA, aka "Nano"
(12),
ESTEBAN MUNOZ, aka "Rock" (13),
REYNALDO VIVIAN, aka "Rey" (14)

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

[VIO: COUNT ONE: 18 U.S.C. §
1962(d), Conspiracy to Conduct the
Affairs of an Enterprise Through a
Pattern of Racketeering; COUNT TWO:
18 U.S.C. § 1959, Violent Crimes in Aid
of Racketeering- Murder; COUNT
THREE: 18 U.S.C. § 1959, Violent
Crimes in Aid of Racketeering- Assault
With a Dangerous Weapon; COUNT
FOUR: 21 U.S.C. § 841(a)(1) &
(b)(1)(B) and 846, Conspiracy to
Possess With Intent to Distribute
Marijuana; COUNT FIVE - 21 U.S.C.
§§ 841(a)(1)&(b)(1)(C) and 846,
Conspiracy to Possess Cocaine With
Intent to Distribute.]

**DR14CR0688**

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 1962(d)]

A. THE RACKETEERING ENTERPRISE

1.      There existed in the Western District of Texas and elsewhere, an organization which

called itself *"Mexikanemi"* and which was also known as the Texas Mexican Mafia or by the

1

Spanish term *"La Eme"* (which translates literally to "The M"). The Texas Mexican Mafia was self-dedicated to the pursuit of organized criminal conduct principally through drug trafficking, extortion, and assault. The Texas Mexican Mafia – including its leadership, membership, and associates – constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. This enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

2.      The Texas Mexican Mafia was formed in the early 1980s by prisoners incarcerated in the Texas state prison system. The organization's original members joined together behind bars to protect one another from the violent behavior of non-member inmates and to more effectively engage in organized criminal activity. The original members drafted a "constitution" governing the organization, and declared San Antonio, Texas its "capital." Upon release from incarceration, members and prospective members were ordered to report to the organization's leadership overseeing their hometowns. As membership grew and the organization expanded inside and outside of the prison system, the organization established a presence in an increasing number of towns throughout Texas.

3.      The Texas Mexican Mafia was governed by a strict code of conduct that expressly stated that the enterprise was a group devoted to crime and violence. This code was enforceable by death or serious bodily injury. One could only become a *"merecido"* or "worthy one," that is, an official member of the Texas Mexican Mafia, after being asked to join by a *"padrino"* or "sponsor" and by participating in a serious criminal act. The traditional threshold requirement

for membership into the organization was the carrying out of a "contract" or *"cameo"* on behalf of the organization, oftentimes involving the murder of an enemy. This code absolutely forbade any member's cooperation with law enforcement officials.

4.     The Texas Mexican Mafia was organized in a hierarchical form that included a president, a vice president, generals, captains, lieutenants, sergeants, and soldiers (also known by the Spanish term for soldiers: *"soldados"*). Prospective members closely associated with the organization included *"prospectos"* or prospects and *"esqine firmes"* or non-member soldiers that had not yet risen to the level of a prospect. Associates who spent considerable time with the gang were known as *"coras"* or hearts. Members holding rank above that of soldier were recognized as the leadership of the Texas Mexican Mafia, and it was the directives of these members that were to be carried out by soldiers and prospective members.

5.     Many members and associates of the Texas Mexican Mafia signified their membership and allegiance to the organization by wearing distinctive tattoos reflecting the letter "M" (for example: *"Eme,"* "M," or *"13"*), *"Mexikanemi,"* or displaying images representing Aztec culture and mythology. These tattoos were oftentimes designed to be kept hidden beneath clothing lines – ending at the collar and sleeve – to avoid detection by law enforcement officials. Certain tattoos were only allowed to be worn only by *"merecidos"* or official members.

6.     One of the organization's principal activities and sources of income was extortion. According to the organization's constitution, the Texas Mexican Mafia imposed and collected a "tax" on the proceeds of all illegal drug sales by non-members for the privilege of selling narcotics in areas under the organization's control. This "tax" or extortion payment was known

as "the dime," or "the ten percent." Failure to pay the tax could result in robbery, serious bodily injury, or death. In exchange for paying the drug tax, the Texas Mexican Mafia provided the taxpayer protection from robbery, assistance in collecting drug debts from users, and a degree of protection from competing drug dealers.

7.  Another principal source of income for the Texas Mexican Mafia was trafficking in illegal drugs. Operating in Southwest Texas afforded the organization two opportunities to profit from narcotics: localized sale and international trafficking. Like conventional street drug distribution organizations, members and associates obtained large quantities of narcotics and distributed them for localized sale. The illegal drugs distributed by the enterprise – including heroin, cocaine, and marijuana – were purchased, sold, and distributed in interstate and foreign commerce. The gang's location in Southwest Texas near the U.S. border with Mexico provided them the opportunity to transport drugs and drug proceeds for Mexican-based Drug Trafficking Organizations. Additionally, members of the gang would also provide firearms to the narcotics traffickers located in Mexico as part of their ongoing business relationship.

## B. THE PURPOSES OF THE RICO ENTERPRISE

8.  The purposes of the enterprise known as the Texas Mexican Mafia included the following:

   a.  To enrich its members through, among other things, drug trafficking, extortion, weapons trafficking, and other violent crime;

   b.  To preserve and protect the power, reputation, and profits of the Texas Mexican Mafia through the use of intimidation, violence, threats of violence, and assaults;

   c.  To promote and enhance the Texas Mexican Mafia and its members' activities;

4

d.      To keep its victims in fear of the Texas Mexican Mafia and its members in compliance with its rules through violence and threats of violence.

## C. THE METHODS, MANNER, AND MEANS OF THE ENTERPRISE

9.     Among the means and methods by which the Defendants and their associates agreed to conduct and participate in the affairs of the enterprise are the following:

a.      Members of the enterprise and their associates obtained money through the direct distribution of illegal drugs and through imposition and collection of extortion payments ("the dime") from drug distributors in exchange for authorization from the Texas Mexican Mafia to sell illegal drugs—"the dime" could be paid in currency or drugs;

b.      Members of the enterprise and their associates obtained money by engaging in illegal acts, including the threatened and actual use of force, violence, and intimidation – including murder, assault, extortion, robbery, kidnapping, and other acts of violence – all of which were conducted as part of the operation and management of the enterprise;

c.      Members of the enterprise and their associates protected the activities and affairs of the enterprise from competing individuals, rival gangs, and others through the use of illegal means, including the possession of firearms and engaging in acts of violence and threats of violence;

d.      Members of the enterprise and their associates planned and coordinated the activities of the enterprise through regular meetings where the operations of the enterprise were discussed;

e.      Members of the enterprise contributed funds to specifically designated individuals who maintained possession of those funds and acted as a "bank," loaning out money

to members and associates who required funds.

## D.  THE ROLES OF THE DEFENDANTS

10.    The Defendants participated in the operation and management of the enterprise as members and associates of the Texas Mexican Mafia.

a.    The following Defendants were members and leaders of the enterprise who directed other members and associates of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs:

JESUS LOPEZ, aka "Jessie," aka "Worst Ever" (1),
GERARDO CASTILLO, aka "Jerry," aka "Chingo Bling" (2),
SALOMON MARTINEZ, aka "Salo" (3),
IVAN VELASQUEZ, aka "Pipi" (4),
JOSE ALEJANDRO MALDONADO, aka "Chivia" (5),
CLAUDIO SALINAS, aka "Conejo" (6)

b.    Under the direction of the leaders of the enterprise, the following Defendants participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs:

JUAN CARLOS LEDEZMA, aka "Yogi" (7),
MICHAEL ERIC CANTU, aka "Miklos" (8),
ANSELMO FLORES, aka "Chemo" (9),
FRANCISCO JAVIER HERNANDEZ, aka "Coco" (10),
HECTOR ANGEL MARTINEZ, aka "Tonka" (11),
RAUL ADRIAN HERRERA, aka "Nano" (12),
ESTEBAN MUNOZ, aka "Rock" (13)

c.    In association with the Enterprise's affairs, the following individual assisted the Enterprise by supplying cocaine:

REYNALDO VIVIAN, aka "Rey" (14)

6

## E. THE RICO CONSPIRACY VIOLATION

11.     Beginning around January 1, 2009, the exact date being unknown, and continuing to
the date of this Indictment, in the Western District of Texas, and elsewhere, the Defendants,

JESUS LOPEZ, aka "Jessie," aka "Worst Ever" (1),
GERARDO CASTILLO, aka "Jerry," aka "Chingo Bling" (2),
SALOMON MARTINEZ, aka "Salo" (3),
IVAN VELASQUEZ, aka "Pipi" (4),
JOSE ALEJANDRO MALDONADO, aka "Chivia" (5),
CLAUDIO SALINAS, aka "Conejo" (6),
JUAN CARLOS LEDEZMA, aka "Yogi" (7),
MICHAEL ERIC CANTU, aka "Miklos" (8),
ANSELMO FLORES, aka "Chemo" (9),
FRANCISCO JAVIER HERNANDEZ, aka "Coco" (10),
HECTOR ANGEL MARTINEZ, aka "Tonka" (11),
RAUL ADRIAN HERRERA, aka "Nano" (12),
ESTEBAN MUNOZ, aka "Rock" (13),
REYNALDO VIVIAN, aka "Rey" (14)

together and with others known and unknown to the Grand Jury, being persons employed by
and associated with the enterprise known as the Texas Mexican Mafia, which enterprise was
engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully,
knowingly, and intentionally, did combine, conspire, confederate, and agree together and with
each other and with others known and unknown to violate Title 18, United States Code, Section
1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs
of that enterprise through a pattern of racketeering activity, consisting of multiple acts indictable
under:

A. 18 U.S.C. § 1951 (Extortion); and

multiple acts involving:

7

B. Murder, chargeable under Texas Penal Code, Sections 19.02, 7.02, 15.01 and 1502; and

C. Extortion, chargeable under Texas Penal Code, Sections 31.02, 31.03, 15.01, and 15.03.

D. Multiple offenses involving the possession with intent to distribute, distribution, and importation of controlled substances, including cocaine, marijuana, and heroin, as well as conspiracy to commit the same, in violation of the laws of the United States [Sections 841, 843, 846, 856, 952, 960, and 963 of Title 21, United States Code].

12.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise. All in violation of Title 18, United States Code, Section 1962(d).

## Overt Acts

13.    In furtherance of the racketeering conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed and caused to be committed the following overt acts, among others, on or about the following dates, in the Western District of Texas and elsewhere:

a) Between on or about January 1, 2009 and continuing until on or about the date of this indictment, Texas Mexican Mafia (TMM) members and associates agreed to extort cocaine distributors in Eagle Pass, Texas.  A portion of the proceeds of the extortion were transferred to the San Antonio branch of the TMM.

b) From on or about January 1, 2009 to on or March 21, 2014 received money by "taxing" COCAINE DEALER 1 in Eagle Pass, Texas every month.  COCAINE DEALER 1 sold

in excess of 500 grams of cocaine during that time period.

c) Between on or about November 23, 2010 and December 31, 2010, JESUS LOPEZ ordered HECTOR ANGEL MARTINEZ, FRANCISCO JAVIER HERNANDEZ, ANSELMO FLORES, and others, to retrieve and then destroy firearms used during the attempted murder of an informant in Crystal City, Texas who had given information to law enforcement about the Texas Mexican Mafia.  HECTOR ANGEL MARTINEZ, FRANCISCO JAVIER HERNANDEZ, and ANSELMO FLORES retrieved the firearms and destroyed them.

d) From on or about December 1, 2010 until on or about May 5, 2011 RAUL ADRIAN HERRERA and other TMM members and associates distributed over 100 kilograms of marijuana from Eagle Pass, Texas to Austin, Texas.

e) From on or about December 1, 2010 until May 2, 2012, RAUL ADRIAN HERRERA, REYNALDO VIVIAN, and other TMM members and associates transported and sold firearms.

f) On or about January 22, 2011, TMM members and associates murdered Angel Cantu in Eagle Pass, Texas.  While one TMM member, ANSELMO FLORES, stabbed Angel Cantu to death other TMM members stood guard with weapons.

g) On or about January 22, 2011 TMM members gave funds to ANSELMO FLORES to leave town after the murder to deflect law enforcement attention from the Enterprise.

h) On or about January 22, 2011 FRANCISCO JAVIER HERNANDEZ assaulted Victim 1 while another TMM member murdered Angel Cantu.

i) On or about June 18, 2012 SALOMON MARTINEZ told another TMM

member/associate that he had to take care of a TMM associate in Del Rio, Texas who was breaking the rules. Later that night the TMM member/associate was caught outside of the offending associate's home with a stun gun and a knife.

j)  On or about August 23, 2012 SALOMON MARTINEZ collected approximately $660 from a TMM member to keep that member in good standing—every TMM member was required to contribute money to a communal TMM fund designed to promote the Enterprise's activities. A portion of those funds was transferred to San Antonio TMM members to further the goals of the Enterprise.

k)  On or about October 9, 2012 MICHAEL CANTU distributed approximately one ounce of cocaine to a person known to the Grand Jury.

l)  On or about October 16, 2012 MICHAEL CANTU and ESTEBAN MUNOZ distributed cocaine to a person known to the Grand Jury.

m)  On or about October 29, 2012 MICHAEL CANTU distributed cocaine to a person known to the Grand Jury.

n)  On or about November 28, 2012 REYNALDO VIVIAN sold a quantity of cocaine to a person known to the Grand Jury.

o)  On or about December 5, 2012 JOSE ALEJANDRO MALDONADO extorted a narcotics dealer known to the Grand Jury.

p)  On or about December 13, 2012 REYNALDO VIVIAN sold a quantity of cocaine to a person known to the Grand Jury.

q)  On or about December 13, 2012 JUAN CARLOS LEDEZMA sold a quantity of cocaine to a person known to the Grand Jury.

r) On December 17, 2013 JUAN CARLOS LEDEZMA received $900 for the purchase of cocaine from a person known to the Grand Jury. JUAN CARLOS LEDEZMA did not procure the cocaine and instead stole the money. JUAN CARLOS LEDEZMA's theft resulted in other TMM members stabbing him for hurting the reputation of the Enterprise.

s) On or about February 10, 2013 JUAN CARLOS LEDEZMA, JESUS LOPEZ, GERARDO CASTILLO, SALOMON MARTINEZ, FRANCISCO JAVIER HERNANDEZ, and another TMM associate known to the Grand Jury all participated in a meeting of the TMM to discuss the Enterprise's activities, including but not limited to: the need for lower ranking TMM associates to promptly follow orders to attack individuals; the need to punish an associate who broke TMM rules; the need to pay money to the communal TMM fund if a member was selling cocaine; that CLAUDIO SALINAS was in good standing with the TMM; and that IVAN VELASQUEZ would be released from prison soon.

t) On or about July 12, 2013 GERARDO CASTILLO attempted to find buyers for approximately 200 pounds of marijuana.

u) On or about November 18, 2013 IVAN VELASQUEZ led a meeting of the Eagle Pass TMM, ordering all present to report to him after the arrest of JESUS LOPEZ. MICHAEL CANTU and ESTEBAN MUNOZ were present at the meeting.

v) On or about November 26, 2013 MICHAEL CANTU relayed an order from IVAN VELASQUEZ to another member of the TMM that the member needed to assault a third party. The reason for the assault was that the third party had falsely claimed to be a

11

member of the Enterprise. MICHAEL CANTU provided the other member of the TMM with a crowbar to further the attack.

w) On or about December 13, 2013 ESTEBAN MUNOZ relayed instructions from IVAN VELASQUEZ to a person known to the Grand Jury for that person to assault someone in Eagle Pass, Texas because that person was claiming to be TMM and was not. ESTEBAN MUNOZ gave brass knuckles to a person known to the Grand Jury to carry out the attack. The attack was not carried out and ESTEBAN MUNOZ retrieved the brass knuckles.

## Notice of Special Pleadings

14. With regard to Count One of this Indictment, on or about January 22, 2011, in Maverick County, Texas in the Western District of Texas, ANSELMO FLORES, JESUS LOPEZ, ESTEBAN MUNOZ, RAUL ADRIAN HERRERA, HECTOR ANGEL MARTINEZ, and FRANCISCO JAVIER HERNANDEZ did then and there, intentionally or knowingly cause the death of Angel Cantu, by stabbing him with a knife, and JESUS LOPEZ, ESTEBAN MUNOZ, RAUL ADRIAN HERRERA, FRANCISCO JAVIER HERNANDEZ, HECTOR ANGEL MARTINEZ, and ANSELMO FLORES had along with others, solicited, encouraged, or directed the murder of Angel Cantu, all in violation of Texas Penal Code, Sections 19.02 and 7.02.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
[18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2]

15. At all times relevant to this Indictment, the Texas Mexican Mafia, as more fully described in paragraphs one through ten in Count One of this Indictment, which are realleged

and incorporated by reference, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Texas Mexican Mafia, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

16.     At times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving narcotics offenses in violation of 21 U.S.C. §§ 841, 843, 846, 856, 952, 960, and 963, and acts indictable under 18 U.S.C. § 1951 (extortion) as well as extortion chargeable under Texas Penal Code, Sections 31.02, 31.03, 15.01, and 15.03.

17.     On or about January 22, 2011, in Eagle Pass, Texas, in the Western District of Texas, for the purpose of gaining entrance to and maintaining and increasing position in the Texas Mexican Mafia, an enterprise engaged in racketeering activity, the Defendants,

JESUS LOPEZ, aka "Jessie," aka "Worst Ever" (1),
ANSELMO FLORES, aka "Chemo" (9),
FRANCISCO JAVIER HERNANDEZ, aka "Coco" (10),
HECTOR ANGEL MARTINEZ, aka "Tonka" (11),
ESTEBAN MUNOZ, aka "Rock" (13),

did commit murder against Angel Cantu, and aided and abetted murder, in violation of Texas Penal Code Sections 19.02 and 7.02.

All in violation of Title 18, United States Code, Section 1959(a)(1) and Title 18, United States Code, Section 2.

13

COUNT THREE
[18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2]

18.     At all times relevant to this Indictment, the Texas Mexican Mafia, as more fully described in paragraphs one through ten in Count One of this Indictment, which are realleged and incorporated by reference, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Texas Mexican Mafia, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

19.     At times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving narcotics offenses in violation of 21 U.S.C. §§ 841, 843, 846, 856, 952, 960, and 963, and acts indictable under 18 U.S.C. § 1951 (extortion) as well as extortion chargeable under Texas Penal Code, Sections 31.02, 31.03, 15.01, and 15.03.20.

20,     On or about January 22, 2011, in Eagle Pass, Texas, in the Western District of Texas, for the purpose of gaining entrance to and maintaining and increasing position in the Texas Mexican Mafia, an enterprise engaged in racketeering activity, the Defendants,

JESUS LOPEZ, aka "Jessie," aka "Worst Ever" (1),
ANSELMO FLORES, aka "Chemo" (9),
FRANCISCO JAVIER HERNANDEZ, aka "Coco" (10),
HECTOR ANGEL MARTINEZ, aka "Tonka" (11),
ESTEBAN MUNOZ, aka "Rock" (13),

did commit assault against Victim 1 and Angel Cantu with a dangerous weapon,  and aided and

14

abetted such assault with a dangerous weapon, in violation of Texas Penal Code Section

22.02(a)(2) and 7.02.

All in violation of Title 18, United States Code, Section 1959(a)(3) and Title 18, United

States Code, Section 2.

COUNT FOUR

[21 U.S.C. § 841(a)(1) & (b)(1)(C) and 846]

21.    From on or about December 1, 2010 until on or about May 5, 2011, in the Western

District of Texas, Defendant,

RAUL ADRIAN HERRERA, aka "Nano" (12),

knowingly, and intentionally and unlawfully combined, conspired, confederated and agreed

with others known and unknown to possess with the intent to distribute a controlled substance,

which offense involved a quantity of 100 kilograms or more of a mixture or substance

containing a detectable amount of Marijuana, a Schedule I Controlled Substance, contrary to

Title 21, United States Code, Section 841(a)(1) & (b)(1)(B) and 846.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1)&(b)(1)(C)]

22.    Between on or about January 1, 2011 and the date of this Indictment, in the Western

District of Texas, Defendant,

REYNALDO VIVIAN, aka "Rey" (14)

knowingly, and intentionally and unlawfully combined, conspired, confederated and agreed

with others known and unknown to possess with the intent to distribute a controlled substance,

which offense involved less than 500 grams or of a mixture or substance containing a detectable

amount of Cocaine, a Schedule II controlled substance, in violation of Title 21, United States

15

Code, Sections 841(a)(1) and (b)(1)(C) and 846.


A TRUE BILL.


FOREPERSON


ROBERT PITMAN
United States Attorney


By:
MICHAEL C. GALDO
RALPH PARADISO
Assistant United States Attorneys

16

# DR14CR0688

SEALED:
UNSEALED: XX

**PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

COUNTY: <u>MAVERICK</u>    USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>    MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>JESUS LOPEZ, aka "Jessie," aka "Worst Ever"</u>

CITIZENSHIP: <u>U.S.</u>

INTERPRETER NEEDED: <u>NO</u>    LANGUAGE: ENGLISH

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: <u>N/A</u>

DEFENDANT IS: <u>At Large</u>  DATE OF ARREST: N/A

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>.

OFFENSE: (Code & Description): <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering; Counts 2&3: 18 U.S.C. § 1959,</u>
<u>Violent Crimes in Aid of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Counts 1: Up to Life imprisonment, maximum 3 years Supervised</u>
<u>Release, maximum $250,000 fine; Count 2: mandatory life imprisonment; Count 3: Maximum</u>
<u>20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100</u>
<u>special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u>  W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK        USAO #: 2013R19255

DATE: May 21, 2014        MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: GERARDO CASTILLO, aka "Jerry," aka "Chingo Bling"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO    LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large    DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Counts 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

**PERSONAL DATA SHEET**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

COUNTY: <u>MAVERICK</u>   USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>   MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>SALOMON MARTINEZ, aka "Salo"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>   LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large   DATE OF ARREST: _____ <u>N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description) <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Count 1: Maximum 20 years imprisonment, maximum 3 years</u>
<u>Supervised Release, maximum $250,000 fine; $100 special assessment for each count of</u>
<u>conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u>

W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK        USAO #:  2013R19255

DATE: May 21, 2014        MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: IVAN VELASQUEZ, aka "Pipi"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO    LANGUAGE: ENGLISH

DEFENSE ATTORNEY:  N/A

ADDRESS OF ATTORNEY:  N/A

DEFENDANT IS: at large    DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE:  NO

PROSECUTION BY:  INDICTMENT

OFFENSE: (Code & Description) Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK         USAO #: 2013R19255

DATE: May 21, 2014         MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: JOSE ALEJANDRO MALDONADO, aka "Chivia"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO    LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large    DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description) Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>         USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>         MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>CLAUDIO SALINAS, aka "Conejo"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>    LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large    DATE OF ARREST: _____ <u>N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description) <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Count 1: Maximum 20 years imprisonment, maximum 3 years</u>
<u>Supervised Release, maximum $250,000 fine; $100 special assessment for each count of</u>
<u>conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE</u> ABOVE W/DT-CR-3

# DR14CR0688

SEALED:

UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK          USAO #: 2013R19255

DATE: May 21, 2014          MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: JUAN CARLOS LEDEZMA, aka "Yogi"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO     LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description) Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK          USAO #: 2013R19255

DATE: May 21, 2014          MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: MICHAEL ERIC CANTU, aka "Miklo"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO     LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description) Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3

SEALED:
UNSEALED: XX

# DR14CR0688

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>          USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>          MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>ANSELMO FLORES, aka "Chemo"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>     LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: _____<u>N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u> <u>Affairs of an Enterprise Through a Pattern of Racketeering; Counts 2&3: 18 U.S.C. § 1959,</u> <u>Violent Crimes in Aid of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Counts 1: Up to Life imprisonment, maximum 3 years Supervised</u> <u>Release, maximum $250,000 fine; Count 2: mandatory life imprisonment; Count 3: Maximum</u> <u>20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100</u> <u>special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u> W/DT-CR-3

SEALED:
UNSEALED: XX

# DR14CR0688

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>          USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>          MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>FRANCISCO JAVIER HERNANDEZ, aka "Coco"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>     LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: _____<u>N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY:  <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering; Counts 2&3: 18 U.S.C. § 1959,</u>
<u>Violent Crimes in Aid of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Counts 1: Up to Life imprisonment, maximum 3 years Supervised</u>
<u>Release, maximum $250,000 fine; Count 2: mandatory life imprisonment; Count 3: Maximum</u>
<u>20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100</u>
<u>special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u> W/DT-CR-3

SEALED:
UNSEALED: XX

# DR14CR0688

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>        USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>        MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>HECTOR ANGEL MARTINEZ, aka "Tonka"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>        LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: <u>     N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1:18 U.S.C. § 1962(d). Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering; Counts 2&3: 18 U.S.C. § 1959,</u>
<u>Violent Crimes in Aid of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Counts 1: Up to Life imprisonment, maximum 3 years Supervised</u>
<u>Release, maximum $250,000 fine; Count 2: mandatory life imprisonment; Count 3: Maximum</u>
<u>20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100</u>
<u>special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u> W/DT-CR-3

SEALED:
UNSEALED: XX

# DR14CR0688

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK    USAO #: 2013R19255

DATE: May 21, 2014    MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: RAUL ADRIAN HERRERA, aka "Nano"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO    LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: Federal Custody on other charges    DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering; Count 4: 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 846, Conspiracy to possess with intent to distribute marijuana.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Counts 1: Up to Life imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; Count 4: 5 to 40 years imprisonment; up to $5 million fine; at least 4 years of supervised release;; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE W/DT-CR-3

SEALED:
UNSEALED: XX

# DR 14 CR 0688

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>     USAO #: <u>2013R19255</u>

DATE: <u>May 21, 2014</u>     MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO/RALPH PARADISO</u>

DEFENDANT: <u>ESTEBAN MUNOZ, aka "Rock"</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>     LANGUAGE: <u>ENGLISH</u>

DEFENSE ATTORNEY: <u>N/A</u>

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large     DATE OF ARREST: <u>     N/A</u>

BENCH WARRANT NEEDED: <u>YES</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the</u>
<u>Affairs of an Enterprise Through a Pattern of Racketeering; Counts 2&3: 18 U.S.C. § 1959,</u>
<u>Violent Crimes in Aid of Racketeering.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>Counts 1: Up to Life imprisonment, maximum 3 years Supervised</u>
<u>Release, maximum $250,000 fine; Count 2: mandatory life imprisonment; Count 3: Maximum</u>
<u>20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; $100</u>
<u>special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>SEE ABOVE</u> W/DT-CR-3

# DR14CR0688

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK       USAO #: 2013R19255

DATE: May 21, 2014       MAG. CT. #:

AUSA: MICHAEL C. GALDO/RALPH PARADISO

DEFENDANT: REYNALDO VIVIAN, aka "Rey"

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO    LANGUAGE: ENGLISH

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS: at large    DATE OF ARREST: _____ N/A

BENCH WARRANT NEEDED: YES

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description) Count 1:18 U.S.C. § 1962(d), Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering; Count 5: 21 U.S.C. § 841(a)(1) & (b)(1)(C), Conspiracy to Possess With Intent to Distribute Cocaine.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: Maximum 20 years imprisonment, maximum 3 years Supervised Release, maximum $250,000 fine; Count 5: up to 20 years imprisonment, minimum of 3 years supervised release, maximum $1,000,000 fine; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE W/DT-CR-3